UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA             CASE NO.: 5:21-CR-1-OC-28PRL

v.

DUSTIN SANDIFORD,

_____/

## MOTION TO SUPPRESS EVIDENCE

**COMES NOW** the Defendant, DUSTIN SANDIFORD, by and through undersigned counsel, Hereby moves this Honorable Court to enter an order suppressing certain evidence in this case, and alleges the following:

1. **EVIDENCE SOUGHT TO BE SUPPRESSED:**

   A cellular telephone, black I phone, and all of the contents contained in the phone or video taped from the phone or derived from the phone in any manner, by law enforcement.

2. **STATEMENT OF THE FACTS:**

   Pursuant to search warrants, on December 2, 2020, F.B.I. agents Moreno and Burros along with other agents of the F.B.I. and multiple members of the Citrus County Sheriff's Office, entered the Defendants place of employment where he then was detained and searched. On the same date other members of the F.B.I. simultaneously executed a search warrant for the Defendants residence, located at 9465 N. Argo Way, Citrus Springs, Florida.

   During the detention and search of the Defendant, agent Moreno located a black I-Phone and transferred control and possession of said I-Phone to an F.B.I. forensic technician who was waiting in the parking lot of Defendants place of employment. The black I-Phone seized was not listed in the search warrant.

   The Defendant was then detained for a period of time exceeding two hours at his place of employment. The Defendant was clearly seized as evidenced by being told to place his hands on his head, by being told by several F.B.I. agents that he was being "administratively detained", and by being told he was "not allowed to leave." The Defendant was told he would only be allowed to leave after the conclusion of the search of his residence, if no incriminating evidence was found there.

The Defendant respectfully asked to leave. Only after the Defendant stated "I know my rights and I would think, considering that we are more than two hours into this, that you've detained me for more than a reasonable amount of time. I am again asking to leave." At that point agent Burros called the United States Attorney's Office, advising him of the current situation, and the decision to allow the Defendant to leave was finally made. The decision to allow the Defendant to leave coincided with the conclusion of the search of his residence.

During the period of detention at the Defendant's place of employment, Agent Burros repeatedly traversed back and forth between: A) observing and assisting with the detention of the Defendant, B) entering and exiting the vehicle parked in the lot of the Defendant's place of employment that contained agents actually analyzing the seized I-Phone, and C) The actual residence being searched. This shows that the execution of the search warrant and the seizure of the Defendant were both part of one connected course of action, not exclusive of each other.

Once the Defendant was released from detainment all members of law enforcement departed from the Defendant's residence and place of employment. Agent Burros then returned to the Defendant's place of employment to provide the Defendant with a receipt for the seizure of the I-Phone and to explain the unsealed portions of the search warrant. This was the first time the search warrant was shown to the Defendant.

Upon arriving at his residence, the Defendant located a separate receipt for items seized from his home.

On December 8, 2020, agents Burros and Moreno arrested the Defendant at his place of employment for the charges in the complaint based on the contents alleged to be on the I-Phone seized on December 2, 2020.

3.   **GROUNDS FOR SUPPRESSION:**

A)   The F.B.I. exceeded the scope of the search warrant: the Defendant's place of employment was four streets sway from the residence being searched, and thus well outside the definition of "immediate vicinity" as set forth in Bailey v. United States., 568 U.S. 186 (2013), Bailey defines immediate vicinity, "as the lawful limits of the residence, and whether the occupant was within the line of sight of the residence".

B)      The F.B.I. exceeded the scope of the search warrant by detaining the Defendant, searching for and then seizing evidence outside of the immediate vicinity of the premises to be searched in violation of clear legal precedents set forth in Bailey, 133 S. Ct 1031 and Michigan v. Summers, 452 United States, 692, (1981).

C)      The holding in "Summers applies only to the seizure of occupants. That is, persons within the immediate vicinity to be searched. The Defendant was seized a mile away, therefore Summers cannot sanction the Defendant's detention, Bailey v. United States, 133 S.Ct. 1031(2013).

D)      The Supreme Court clearly states, in unambiguous terms, "that the sole deciding facts in determining whether or not the Defendant was seized legally boils down to one question: was the Defendant seized withing the immediate vicinity of the premises to be searched"? The Defendant was seized far from his residence, illegally.

E)      The Defendant was not seized within the immediate vicinity of the premises to be searched, see Bailey. The Defendant was at another location, his place of employment. The Detention was unreasonably long and not proper under the circumstances.

F)      The Supreme Court has held that all possible law enforcement interests set forth in Summers, that allow law enforcement to detain/seize all occupants inside the immediate vicinity of the premises to be searched, does not justify the seizure in this case of the Defendant. To allow the detention for occupants outside of the immediate vicinity of the premises to be searched is illegal.

G)      The Supreme Court has held, "even if the possible detention of a former occupant away from the premises could facilitate a later arrest if incriminating evidence is discovered, the mere fact that law enforcement can be made more efficient can never by itself justify disregard of the Fourth Amendment" (Bailey v. United States).

H)      None of the 3 law enforcement interests identified in Summers applies with the same or similar force to the detention of a recent occupant beyond the immediate vicinity of the premises to be searched and each is also insufficient on it own to justify an expansion of the rule in Summers to permit the detention of a former occupant wherever he may be found away from the scene of the search," Bailey v. United States.

I)  The Defendant's fourth amendment rights were violated when the F.B,I. exceeded their detention authority granted in the search warrant by detaining/seizing the Defendant outside of the immediate vicinity of the premises to be searched and during the illegal detention, evidence was seized. The F.B.I.'s detention of the Defendant and the seizure of the cell phone was a seizure in violation of case law and the fourth amendment.

J)  A warrant granting authority to search and seize electronic equipment in one location, cannot be transferred to a person, Ybarra v. Illinois, 444 U.S. 85 (1979). The facts and circumstances that justified granting a warrant for a residence, could not be transferred to a person, not at the residence, at the time the warrant was executed. The correct method would be to get a warrant to search the Defendant for the cell device. The warrant in this case was to search the residence.

4.  The United States Attorney's office objects to this motion.

5.  That this motion is filed past the due date in the criminal scheduling order because of delays in receiving discovery. It is also filed past the due date because of delays in receiving sealed court documents.

## MEMORANDUM OF LAW

Under the law established by Michigan v. Summers, 452 United States 692 (1981), agents have no authority to seize Defendant when they arrived to execute the warrant because he was not at the residence.

"No warrants shall issue but upon probable cause and particularity prescribing the place to be searched and the person or things to be seized." United States v. Spilotoro 800 F.2d 959, 963 (9th cir. 1986).

The Fourth amendment's particularity requirement "confines an officer executing a search warrant strictly within the bounds set by the warrant." Vivens v. Six unknown named agents for Federal Bureau of Narcotics, 403 Unites states 389, 394 (1971).

To the extent agents want to seize relevant information beyond scope of warrant, they should seek a further warrant <u>United States V. Sedaghty</u> 728 F.3d 885, 914 (9th cir. 2013). The particularity requirement leaves nothing to the discretion of the officer.

Immediate vicinity: <u>Bailey v. United States,</u> discussing <u>Summers</u> "immediate vicinity is narrowly defined in <u>Bailey</u>, for example, the supreme Court held that the officers violated the <u>Summers</u> rule by detaining a Defendant who had "left the apartment before the search began and waiting to detain him until he was almost a mile away."

<u>State v. Wilson,</u> 371 N.C. 920, 924/821 Se2d 811, 815 (2018).

It has long been established that "a person has been seized within the meaning of the 4th amendment only of in view of all circumstances surrounding the incident a reasonable person would have believed that he was not free to leave, <u>United States v. Menden Hall,</u> 446 U.S. 544, 554 (1980).

A warrant to search for contraband, founded on probable cause, implicitly carries with it the limited authority to detain. The occupants who are within " the immediate vicinity of the premises to be searched," or who are present during the execution of a search warrant" , See <u>Bailey</u>, See <u>Summers.</u>

In <u>Bailey v. United States</u>, the Supreme Court was confronted with a Defendant who was arrested almost a mile away from the location being searched. The court clarified that the categorical authority to detain incident to the execution of a search warrant must be limited to the Immediate vicinity of the premises to be searched. Ultimately, the court held that the seizure in <u>Bailey</u> was unlawful because the Defendant "was detained at a point beyond any reasonable understandings of the immediate vicinity of the premises in question. id. at 201, 133 S. ct. at 1042. The court has identified several factors that courts can consider to determine whether an occupant was detained within the "immediate vicinity of the premises to be searched" including the lawful limits of the premises, whether the occupant was within the line of sight of his dwelling, the ease of re-entry from the occupants location, and other relevant factors.

The first law enforcement interest, cited in <u>Summers</u>, is to detain to protect officer safety. There were no officer safety issues in this Defendant's case. <u>Bailey v. United States</u>. The court held the risk that a departing occupant might alert those still inside the residence is also an insignificant rationale for expanding the detention authority beyond the immediate vicinity to be searched.

The second law enforcement interest is the facilitation of the completion of the search. Unrestrained occupants can hide or destroy evidence, seek to distract officers, or simply get in the way. But a general interest in avoiding obstruction of a search cannot justify detention beyond the vicinity of the premises, Bailey and Summers.

The third is the interest in preventing flight which also serves to preserve the integrity of the search. If officers are concerned about flight in the event incriminating evidence is found, they might rush the search causing unnecessary damage or compromising its careful execution. The need to prevent flight, however if unbounded, might be used to argue for detention of any regular occupant regardless of his or her location at the time of the search, Bailey.

Even if the detention of a former occupant away from the premises could facilitate a later arrest if incriminating evidence is discovered, the mere fact that law enforcement may be made more efficient can never by itself justify disregard the fourth amendment, Bailey and Summers.

In summary, none of the three law enforcement interests identified in Summers applies with the same or similar force to the detention of recent occupants beyond the immediate vicinity of the premises to be searched. Each is also insufficient on its own to justify an expansion of the rule in Summers to permit the detention of a former occupant, wherever he may be found away from the scene of the search, Bailey.

As recognized, in Summers the detention of a current occupant represents only an incremental intrusion upon personal liberty when the search of a home has been authorized by a valid warrant, Bailey and Summers.

An arrest of an individual away from his home involves a different level of intrusiveness. A public detention, away from the residence, even if incident to a search warrant, will resemble a full fledged arrest, Bailey. The seizure of the cellular phone, pursuant to the illegal detention, renders the seizure illegal too.

The Supreme Court ruled the lower court erred when it held the detention of Defendant Bailey was not unreasonably prolonged. The court has since ruled the question to ask is: was the person seized within the immediate vicinity to be searched? The issue is a straight forward binary inquiry and not a balancing act by courts.

The question in this cause is whether <u>Summers</u> applies at all. It applies only to the seizure of occupants, that is persons within "the immediate vicinity of the premises to be searched." In <u>Bailey</u>, the Defendant was seized a mile away. Therefore, <u>Summers</u> cannot sanction Bailey's detention. The facts in the instant case are very similar.

The court has held that an open ended balancing of the equities is not the correct analysis. The correct method is a straight forward binary inquiry. Was the person seized within the immediate vicinity to be searched?

## **CONCULSION**

The law enforcement agents performed an illegal and improper detention and seizure of the Defendant and the cell phone. That all evidence obtained from the law enforcement actions should be suppressed in this matter.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 6, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Office of the United States Attorney, further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following: none.

/s/ Michael W. Nielsen, Esquire
_____
MICHAEL W. NIELSEN, ESQUIRE
NIELSEN LAW FIRM.
720 West State Road 434
Winter Springs, Florida 32708
(407)327-5865 [FAX(407)327-0384]
Attorney for Defendant
Florida Bar No.: 0794392
nielsenlaw@cfr.rr.com