UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                               CASE NO. 5:21-cr-1-JA-PRL

DUSTIN SANDIFORD

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (DOC. 37)**

The United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, through the undersigned Assistant United States Attorney, responds in opposition to defendant Dustin Sandiford's motion to suppress evidence obtained from a Federal search warrant.   Doc. 37.

**SUMMARY**

On January 7, 2021, the defendant, Dustin Shane Sandiford (Sandiford), was indicted in the Middle District of Florida for one count of knowingly possessing child pornography in depicting a prepubescent minor or minor less than the age of 12 in violation of 18 U.S.C. § 2252A(a)(5)(B).   Doc. 26.   On April 6, 2021, the defendant filed a motion to suppress seeking to exclude the black iPhone cellular phone seized from his person on December 2, 2020. Sandiford alleges that the seized and searched iPhone was "not listed in the

search warrant," and further alleges that its seizure resulted from Sandiford's unlawful detention. The United States asserts that the iPhone was seized and searched pursuant to, and specifically listed in, a valid federal search warrant, that Sandiford was not unlawfully detained as part of the execution of any federal search warrant, and that even if Sandiford was unlawfully detained, such detention was unrelated to the valid seizure of the iPhone and does not provide for suppression of evidence as a remedy.

## FACTS

On December 2, 2020, federal agents (principally FBI Special Agents Steve Burros, David Moreno, and Jose Meneses) executed two federal search warrants. The first, referenced in the defendant's motion to suppress evidence, authorized the search of a residence in Citrus Springs, Florida known to be occupied by Sandiford. Doc. 37 at 1. This warrant was issued in the Middle District of Florida under case number 5:20-mj-1174-PRL. The second search warrant, inexplicably not mentioned in the defendant's motion to suppress evidence, specifically authorized the search of "a cellular telephone assigned call number (352) 364-1308" (the black iPhone sought to be suppressed) and was issued in the Middle District of Florida under case number 5:20-mj-1183-PRL. This warrant is appended to this response as Attachment

2

A. Both warrants were supported by the same master affidavit of probable cause, and both were initially filed under seal to prevent the defendant from destroying or hiding evidence if given advance notice of the search. However, in anticipation of the defendant's motion to suppress, Sandiford moved the Court to unseal the search warrants. Doc. 35. This motion was unopposed by the United States and was granted as to both search warrants by the Court on April 2, 2021. Doc. 36.

Agents located Sandiford at his place of employment (a combination gas station and convenience store in Citrus County, Florida) at approximately 10:00am. The business was open to the public at the time and the agents entered through the normal front entrance used by all customers. Inside, agents encountered Sandiford and asked him if he had his cellular phone. Sandiford indicated that he did and withdrew the black iPhone from the front pocket of a sweatshirt he was wearing. Pursuant to the federal search warrant, agents seized the cell phone. Agents advised Sandiford that they had a valid search warrant for the contents of the phone, and Special Agent Moreno showed Sandiford the search warrant for the iPhone, but Sandiford refused to provide the passcode for the device. However, the device had already been unlocked when agents initially seized it from Sandiford and agents were able to

3

conduct a limited search of its contents.

Agents reviewing the contents of the cellular phone noted that one of the installed applications was a cloud storage app named "Mega." "Mega" or "Mega.nz" is a cloud storage and file hosting service headquartered in Auckland, New Zealand. Per Mega's website, "only a tiny fraction of our server capacity is physically located here [in New Zealand]." It has only three office locations, which are located in New Zealand, Spain, and Portugal, respectively. All files stored on Mega necessarily have been transported in foreign commerce, as Mega stores its hosted files by "split[ting] each file into roughly equal-sized parts and stor[ing] each of them in a different country." Mega describes this practice and the technology underlying it as "CloudRAID" and represents that their CloudRAID datacenters are located in Luxembourg, Germany, France, the Netherlands, Spain, Belgium, and Canada (but not the United States).

Within approximately three minutes of seizing the cellular phone, agents were able to open the "Mega" application and noted that Sandiford's Mega account contained approximately 137 gigabytes of total data. Sandiford's Mega account is tied to a particular email which Agents have identified as being used by Sandiford, with login IP addresses resolving to Sandiford's residence.

4

Agents reviewed the file structure and file names of the data stored in Sandiford's Mega account and discovered that most of the material reviewed consisted of videos or images of child pornography.  Some of these image files and videos could be accessed by the agents.  In reviewing the images and videos, agents noted that several of them were parts of "known series," or collections of child pornography that have been frequently discovered in previous child pornography investigations (suggesting that they have been widely distributed).

 Agents detained Sandiford at his place of employment while agents attempted to establish regular access to the contents of the iPhone and executed the search warrant for Sandiford's residence.  Despite his assertion, Sandiford was never told by agents to place his hands above his head, nor was he handcuffed.  Instead, agents simply asked him to stand outside of the business. When Sandiford later asked to sit on a bench on the business property and smoke cigarettes, agents permitted him to do so.  Sandiford was detained for a total time of approximately two and a half hours.

 The defendant asserts that he was told he would only be allowed to leave once the search of his residence was completed and if no incriminating evidence was found there.  This is untrue—Sandiford was told by agents that he was

being detained because incriminating evidence had been uncovered on his cellular phone and a decision was being reached whether he would be arrested immediately. Agents also detained Sandiford for another reason, out of concern that he would be able to remotely delete the contents of his Mega account if he had unsupervised access to the Internet. This concern proved to be entirely justified, because as soon as Sandiford's detention ended and he was away from agents, he apparently remotely accessed the Mega.nz account and deleted the contents. Evidence received from Mega.nz shows that an IP address associated with Sandiford's workplace remotely accessed and deleted a vast majority of the contents of his Mega.nz account at 1:27pm on December 2, 2020, and most of this content is believed to be the child pornography seen by agents during the review.

      The subscriber for the cellular phone is G.L., who is Sandiford's friend and previous employer. When interviewed, G.L. explained that he has known Sandiford for approximately 20 years and has employed Sandiford in the past at his lawn care business. When Sandiford advised he had needed a phone, G. L. decided to help his friend out and provide him with an iPhone he had previously purchased for an employee. G.L. said that he had fired the employee and had the phone as a spare. G.L. told agents that he performed a

6

factory reset of the phone, erasing its contents, and provided the phone to Sandiford immediately afterwards to use. G.L. advised Sandiford at the time that he would have to set up the phone and create his own Apple account on the device. G.L. advised the payment for the phone service was set up as an automatic payment from G.L.'s bank account and Sandiford was supposed to pay him back. Review of the cellular phone showed that the Apple account for the phone was registered to an email account bearing Sandiford's own name.

Law enforcement, together with the U.S. Attorney's Office, ultimately decided against charging and arresting Sandiford for possession of child pornography on December 2, 2020. Nevertheless, based on the information contained in the supporting master affidavit of probable cause, as well as the agents' findings on December 2, 2020, agents had sufficient grounds to detain the defendant upon probable cause that he had knowingly possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

## ARGUMENT/MEMORANDUM OF LAW

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend IV. Probable cause to support a search warrant exists

when, under the totality of the circumstances, there exists a fair probability of finding contraband or evidence at a particular location. *U.S. v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). Specifically, probable cause for a warrant is focused on whether the suspect committed a crime and whether evidence of the crime is to be found at his home or business. *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). A magistrate judge's determination that a search warrant affidavit establishes probable cause is entitled to receive great deference. *United States v. Leon*, 468 U.S. 897, 914 (1984). The defendant does not allege any deficiencies with the search warrant issued for the cellular phone under 5:20-mj-1183-PRL.

The issue of the defendant's detention during the execution of the search warrants is irrelevant to the validity of the seizure or search of the defendant's iPhone. Agents entered the defendant's workplace, where they had the same legal right to be as any civilian customer, and asked Sandiford if he had his cell phone. When Sandiford produced it, agents were authorized by the search warrant to immediately take custody of the cellular phone and inspect or seize the contents in accordance with the terms of the warrant. Any subsequent detention, even if unlawful, cannot taint the validity of this judicially authorized seizure.

However, the detention itself was not unlawful. Even if the agents did not then have probable cause to believe that the defendant had committed a crime, as the defendant's own motion to suppress indicated, individuals can be detained without probable cause to facilitate the completion of the search warrant. Doc. 37 at 5-6. Sandiford's own motion admits that "unrestrained occupants can hide or destroy evidence, seek to distract officers, or simply get in the way." *Id.* at 6. Because Mega.nz allows individuals with Internet access to delete the contents of accounts remotely, agents were entirely justified in their belief that Sandiford may delete electronic evidence if not temporarily detained. As explained above, Sandiford did exactly that as soon as the opportunity to do so presented itself. Therefore, the detention of Sandiford during the execution of both search warrants was entirely justified under *Bailey v. United States*, 568 U.S. 186, 193-194 (2013).

However, the *Bailey* requirements need only be met when agents do not have probable cause to detain the defendant. Here, they did. Agents were entirely within their rights to detain Sandiford upon probable cause that he had violated 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography. They had discovered the cellular phone in Sandiford's possession, unlocked (indicating that it had been recently accessed), with the Mega.nz application

9

installed on the phone and logged into the account containing vast quantities of child pornography, on a cellular phone the defendant had set up with an Apple account tied to an email in Sandiford's own name.

## CONCLUSION

For all the foregoing reasons, the Court should deny defendant Sandiford's motion to suppress evidence in its entirety.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By: *s/ William S. Hamilton*
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone: (352) 547-3600
Facsimile: (352) 547-3623
E-mail: william.s.hamilton@usdoj.gov

U.S. v. Dustin Shane Sandiford      Case No. 5:21-cr-1-JA-PRL

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael Nielsen, Esq.

      *s/ William S. Hamilton*
      William S. Hamilton
      Assistant United States Attorney
      Florida Bar No. 95045
      35 SE 1st Avenue, Suite 300
      Ocala, Florida 34471
      Telephone: (352) 547-3600
      Facsimile: (352) 547-3623
      E-mail:william.s.hamilton@usdoj.gov