UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:21-cr-1-JA-PRL

DUSTIN SHANE SANDIFORD

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO REPORT & RECOMMENDATION (DOC. 51)

The United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, through the undersigned Assistant United States Attorney, responds in opposition to defendant Dustin Sandiford's objection to the report and recommendation filed by the United States Magistrate Judge recommending the denial of his motion to suppress. Doc. 51.

In the objection, defense counsel alleges that the Magistrate Judge erred by finding that the search warrant authorized agents to search the Mega account on Sandiford's phone. Doc. 51 at 2. He claims that the child pornography on Sandiford's Mega account was stored on online file storage and "not on the phone," and that a separate warrant is needed to search file storage accounts. *Id.* As the Magistrate Judge noted, Sandiford provided no legal support for this proposition. Doc. 46 at 5, fn. 4.

As the Magistrate Judge observed, the warrant specifically authorized the search and forensic examination of any computer software (including applications) that may be or are used to display, distribute, possess, or receive child pornography. Doc. 46 at 2, Doc. 39 Attachment A at 29. The body of the affidavit itself also noted that "individuals may protect their illicit materials by passwords, encryption, and other security measures […] or send it to third party image storage sites via the Internet." *Id.* at 13-14.

As FBI Special Agent Moreno testified, Mega is a computer application that can be used to display, possess, or receive child pornography. SA Moreno described how agents used the Mega application to display Sandiford's stored child pornography. Even Sandiford's assertion that the Mega application remotely accesses files stored online merely demonstrates that Mega is a computer application that is present on the device and that can be used to receive child pornography, and therefore subject to search and forensic analysis under the terms of the warrant.

Sandiford attempts to distinguish the Mega account from the software provision by pointing out that it is an online storage application. However, the search warrant also specifically authorized the search of "any and all […] materials, in any format or medium […] that concern online storage or other

2

remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage". Doc. 39 Attachment A at 32. Either way, the Magistrate Judge correctly concluded that agents did not exceed the scope of the warrant in searching the contents of the cellular phone, including the Mega application.

The defendant also alleges that the FBI agents "patted him down" before seizing the cellular phone, and that the search warrant did not specifically authorize the agents to pat down the defendant. Doc. 51 at 2-3.

However, the FBI agents did not pat down Sandiford before seizing the phone. As SA Moreno testified, agents asked Sandiford if he had his cellular phone, and in response Sandiford pulled it out of the front pocket of his sweatshirt and handed it to the agents. Doc. 46 at 3. Sandiford testified that agents patted him down and then seized the phone against his will, but the Magistrate Judge specifically found that Sandiford's testimony was not credible. *Id.* at 6.

When a Magistrate Judge presides over a hearing on a suppression motion, the District Court may accept the credibility decisions of the Magistrate Judge without a further hearing. *U.S. v. Raddatz*, 447 U.S. 667 (1980). Further, the Court cannot reject the credibility determinations of the

3

Magistrate Judge without convening a new evidentiary hearing. *U.S. v. Cofield*, 272 F.3d 1303 (11th Cir. 2001). This Court should credit the determination of the Magistrate Judge as to Sandiford's credibility, as the Magistrate Judge was in an ideal position to observe Sandiford's testimony firsthand, and determine his credibility (or lack thereof) based not only on the substance of the testimony but on Sandiford's demeanor, body language, and reactions to cross-examination.

However, even if the agents had patted down Sandiford before seizing his cellular phone, they would have been well within their rights to do so. The agents had the right to secure the cellular phone described in the warrant and it was more than reasonable to believe that Sandiford would have had it on his person. Doc. 46 at 6. The agents also had both reasonable suspicion and probable cause that Sandiford had knowingly possessed child pornography and were well within their authority to detain Sandiford for investigation. Doc. 39 at 9-10. They were also within their rights to detain Sandiford to facilitate the execution of the search warrant, specifically to prevent Sandiford from deleting the contents of the Mega account. *Id.* at 8-9.

The defendant objects to the Magistrate Judge finding that a particular phone number can only be assigned to one phone at a time. However, this

4

finding was based on the uncontested testimony of SA Moreno. "Spoofing" a phone number involves disguising the true phone number of a phone to the device receiving the call. A phone whose number is "spoofed" still has only one call number assigned, one that is not shared with any other phones—the defendant's own motion concedes that a phone with a "spoofed" phone number only *appears* to have a different call number. Doc. 51 at 3. Because the seized cellular phone was the same phone the warrant sought to seize and search, including having the same call number, this argument is baseless.

Finally, the defendant objects by claiming that the warrant lacked particularity due to an "inaccurate description" of the phone in the affidavit and its attachments. Doc. 51 at 3. However, as the Magistrate Judge noted, the description was perfectly accurate—the phone was assigned the unique call number of (352) 364-1308, and was believed by agents to be manufactured by LG and operate on the Android operating system, although they did not know its specific make and model with certainty. Doc. 46 at 5. The agents had reason to believe that this latter information (the operating system and manufacturer) may not be accurate, and they candidly disclosed this uncertainty to the Magistrate Judge in the affidavit. The fact that the phone was an Apple rather than LG phone does not render the warrant unlawfully

5

vague—because the call number itself is unique, only one phone could have matched the description of the phone in the warrant, which was the one agents seized from Sandiford.

All of the arguments made by the defendant in his objection were thoroughly considered and addressed in the report and recommendation. The defendant does not explain why he believes the Magistrate Judge's conclusions on these issues were incorrect, but simply re-asserts his prior arguments with no additional development.

Ultimately, the report and recommendation correctly concludes, based on the evidence developed during the litigation of this motion, that "pursuant to the valid search warrant for the cell phone, the agents had a right to secure it.  Once the agents had the cell phone, they were authorized by the search warrant to immediately take custody of the cellular phone and inspect or seize the contents in accordance with terms of the lawful warrant.   Any subsequent detention […] cannot taint the validity of the judicially authorized seizure." Doc. 46 at 6.

## CONCLUSION

For all the foregoing reasons, the Court should deny defendant Sandiford's objection to the Magistrate Judge's report and recommendation, adopt the report and recommendation's findings, and deny the defendant's motion to suppress in its entirety.

    Respectfully submitted,

    KARIN HOPPMANN
    Acting United States Attorney

By: *s/ William S. Hamilton*
    William S. Hamilton
    Assistant United States Attorney
    Florida Bar No. 95045
    35 SE 1st Avenue, Suite 300
    Ocala, Florida 34471
    Telephone:  (352) 547-3600
    Facsimile:   (352) 547-3623
    E-mail: william.s.hamilton@usdoj.gov

U.S. v. DUSTIN SANDIFORD                     Case No. 5:21-cr-1-JA-PRL

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael Nielsen, Esq.

*s/ William S. Hamilton*
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone: (352) 547-3600
Facsimile: (352) 547-3623
E-mail: william.s.hamilton@usdoj.gov